UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-60820-RAR

**SALINAS FALUN SMITH,**

    Plaintiff,

v.

**CONTE JAIL FACILITY,** *et al.*,

    Defendants.
_____/

## ORDER DISMISSING CASE

**THIS CAUSE** comes before the Court upon *sua sponte* review of the *pro se* Plaintiff's May 2, 2023 civil rights complaint under 42 U.S.C. § 1983. *See* Compl. [ECF No. 1]. Plaintiff also filed a Motion for Leave to Proceed in Forma Pauperis pursuant to 28 U.S.C. § 1915(a) ("IFP Motion"). [ECF No. 3]. Upon screening this Complaint and reviewing the applicable law, the Court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted and is frivolous in nature. Accordingly, Plaintiff's Complaint is **DISMISSED** *without prejudice*.

## LEGAL STANDARD

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(e)(2); *Taliaferro v. United States*, 677 F. App'x 536, 537 (11th Cir. 2017) ("[D]istrict courts have the power to screen complaints filed by all IFP litigants, prisoners and non-prisoners alike.") (citing *Rowe v. Shake,* 196 F.3d 778, 783 (7th Cir. 1999)). When a litigant brings a lawsuit in federal court while proceeding *in forma pauperis*, the court may *sua sponte* dismiss the case if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)). And to state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *see also Fils v. City of Aventura*, 647 F.3d 1272, 1284 (11th Cir. 2011) (explaining courts may not act as a litigant's lawyer and construct the party's theory of liability from facts never alleged, alluded to, or mentioned during the litigation). A complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. *Twombly*, 550 U.S. at 555.

"A *pro se* pleading is held to a less stringent standard than a pleading drafted by an attorney and is liberally construed." *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017); *see also Torres v. Miami-Dade Cnty.*, 734 F. App'x 688, 691 (11th Cir. 2018) ("Liberal construction, in more concrete terms, means that federal courts must sometimes look beyond the labels used in a *pro se* party's complaint and focus on the content and substance of the allegations."). But despite the liberal construction afforded to *pro se* filings, they must conform with procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

## ANALYSIS

Here, Plaintiff appears to be bringing a civil rights complaint against fifteen different Defendants—most of whom appear to be Plaintiff's "ex-friends." Compl. at 2. The body of

Plaintiff's Complaint, however, never explains what these fifteen defendants did and instead makes non-sensical allegations about a misdemeanor case Plaintiff is facing in state court, *see id.* at 3 ("The court filed or accepted 100s of motions against my Estate/Treasury but I don't have authority to control, distribute, or settle any payments."), as well as a variety of demands that are mostly unrelated to the state court prosecution, *see id.* ("I need a protection order that will clarify my citizenship, unemployment, and identity including my date of birth. . . . I need a case manager who can help find my father, mother, and family. I need a surgery to remove the Control Substances and Dangerous drugs that were abandoned inside my upper-left cardiovascular systems[.]"). The rest of Plaintiff's Complaint consists of a random assortment of attachments, including jail records from the Atlanta Police Department pertaining Defendant Tony Mathis; an IRS form; a Law Library Request form from the Broward County Sheriff's Office Department of Detention; a Name Change form; an Individual Income Tax Return form; a birth certificate; the scan of the Georgia Identification Card of Salins Acosta Weaver; legal retention forms related to the global resolution of sex abuse claims against Boy Scouts of America; and other documents. *See* Complaint Attachments [ECF No. 1-1] at 1–29.[1]

"Section 1983 plaintiffs must establish both deprivation of a right secured by the United States Constitution or federal laws and action by a defendant under color of state law." *Motes v. Myers*, 810 F.2d 1055, 1058 (11th Cir. 1987) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144,

---

[1] A review of this Court's records on CM/ECF indicates that this Complaint is one of <u>seventeen</u> complaints that were all filed contemporaneously in this Court. All seventeen complaints contain the same, seemingly random, cache of attachments, and many judges in this Court have already found that the complaints are frivolous and fail to state a claim. *See, e.g.*, *Smith v. Arora*, No. 23-cv-21649, 2023 WL 3248873, at *2 (S.D. Fla. May 3, 2023) ("In sum, Plaintiff's Complaint on its face fails to state a claim for relief under § 1983 and the Court therefore lacks subject matter jurisdiction to adjudicate this claim."); Order of Dismissal, *Smith v. Simpson*, No. 23-cv-21642 (S.D. Fla. May 3, 2023), ECF No. 4 at 2 ("Without any factual allegations, Plaintiff's Complaint does not state a viable claim for relief under 42 U.S.C. § 1983 because Plaintiff does not allege that he was deprived of a Constitutional or federal right by Defendant and does not allege that Defendants acted under color of state law.").

155 (1970)).  The scope of § 1983 is purposely limited to "[exclude] from its reach 'merely private conduct, no matter how discriminatory or wrongful.'"  *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)).  A person "acts under color of state law when he acts with authority possessed by virtue of his employment with the state."  *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).  In *very limited* circumstances, a private individual may be liable under § 1983 if her actions can "properly [be] attributed to the state."  *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003).  A Plaintiff satisfies the state action requirement in claims against private defendants only when he or she can establish that a defendant "acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State."  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *see also Lloyd v. Card*, 283 F. App'x 696, 699 (11th Cir. 2008) ("A private person is considered a state actor if the state coerced or 'significantly encouraged' the private person to act, the action was traditionally performed by a state official . . . the state was a joint participant in the action[, or the private person] . . . conspired with state officials to commit the alleged constitutional violation." (citations omitted)).

Fourteen of the fifteen Defendants named in the Complaint are private individuals—not state actors—and Plaintiff provides no allegations as to how they might have acted under color of state law or if they even violated any of Plaintiff's federal or Constitutional rights.  *See generally* Compl.  Although Plaintiff does name one Defendant who is conceivably a state actor—the Broward County Sheriff's Office—he still fails to allege how the Sherriff's Office participated in any deprivation of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *See Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995) ("Section 1983 provides judicial remedies to a claimant who can prove that a person acting under color of state law

committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States."). Instead, Plaintiff makes vague and incoherent statements about a pending misdemeanor case, his unemployment, his citizenship, and his "estate." *See* Compl. at 2–3. At no point does Plaintiff explain how his federal or Constitutional rights have been violated by the Defendants or even if Defendants acted under color of state law.[2]

In sum, Plaintiff's Complaint on its face fails to state a claim for relief under § 1983 and must be dismissed. The Complaint is also frivolous in nature because it "embraces . . . fanciful factual allegation[s]." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Thus, although ordinarily this Court would grant a *pro se* litigant at least one opportunity to amend his complaint before dismissal, the Court finds that an amendment would be futile in this case because the Complaint is frivolous and does not even approximate an actionable claim. *See Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("While a pro se litigant generally must be given at least one opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile."); *see also Henry v. Fernandez-Rundle*, 773 F. App'x 596, 597 (11th Cir. 2019) (affirming *sua sponte* dismissal without leave to amend of a frivolous complaint).

## CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Complaint, [ECF No. 1], is **DISMISSED** *without prejudice* for failure to state a claim upon which

---

[2] Even if the Court charitably construes Plaintiff's Complaint as an attack on his ongoing state-court misdemeanor prosecution, the Complaint must be dismissed since § 1983 cannot be used to challenge the legality of an ongoing state-court prosecution. *See Gwyn v. Kramer*, No. 3:22-cv-425, 2022 WL 1540456, at *2 (M.D. Fla. May 16, 2022) ("Gwyn's attempt to use a § 1983 action to challenge an ongoing criminal proceeding is not permitted." (citing *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005))); *see also Butler v. Ala. Jud. Inquiry Comm'n*, 245 F.3d 1257, 1261 (11th Cir. 2001) ("[*Younger v. Harris*, 401 U.S. 37 (1971)] and its progeny reflect the longstanding national public policy, based on principles of comity and federalism, of allowing state courts to try cases—already pending in state court—free from federal court interference.").

relief may be granted and as frivolous.  Plaintiff's IFP Motion, [ECF No. 3], is **DENIED as moot**.

The Clerk is directed to **CLOSE** this case.

      **DONE AND ORDERED** in Miami, Florida, this 5th day of May, 2023.

                                                   **RODOLFO A. RUIZ II**
                                                   **UNITED STATES DISTRICT JUDGE**

cc:     Salinas Falun Smith, *pro se*